23-220-cv
*White et al. v. Beech-Nut Nutrition Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-four.

**PRESENT:**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> > *Circuit Judges,*
> **SARALA V. NAGALA,**
> > *District Judge.*[*]

_____

Jordan White, Robert Partello, Erin Abdoo, Bridget Salopek, Olivia Boyer, Rebecca George, Corinthea Pangelinan, Elizabeth Austin, Stephanie Norgaard, Amanda Schram, LaToya McHenry, Erica

---

[*] Judge Sarala V. Nagala, of the United States District Court for the District of Connecticut, sitting by designation.

**Douglas, Tabitha Latteyer, Morgan Engebretsen, McGlinchKali, Amanda Rogers, Maurice Peterson, Sheila Curry, Katherine McGibney, Natalie Francois, Heather Malaga, Tamaya Stevenson, Liza Sike, Karleen Kozaczka, Mayelin Carranza, Ana Butkus, Monique Warren, Celia Bruno, Samantha Clark, Elizabeth McDowell, Jill Hayden, Brandi Slabinski, Kelsey Blankenship, Sammi Hobdy, Lisa Fisher, Porsche Stokes, Melanie Cole, Kinder Smith, Loukevia Moore, Xena Almquist, Nathan Edwards, Shaylan Isaacs, Albachiara Farci, Amber Wright, Christen Zulli, Krishna Patel, Derrick Carr, Malik Hockaday, Ashley Yates, Charita Harrell, Brittany Wallace, Andrew Lohse, Adrianne Cooper, Alyssa Megan Barb, Rebecca Abbott, Christina Mitchell, Brittney Moyer, Amanda Holmes, Amanda Boots, Dillon Townzen, Natalie Williams, Christina Allgood, AKA Christina Holland,**

    *Plaintiffs-Appellants*,

**Jeremy Cantor,** on behalf of themselves and all others similarly situated, **Heather Hyden,** on behalf of themselves and all others similarly situated, **Haley Sams,** on behalf of

themselves and all others similarly situated, Vito Scarola, on behalf of themselves and all others similarly situated, Emily Baccari, on behalf of themselves and all others similarly situated, Jillian Geffken, on behalf of themselves and all others similarly situated, Kaitlynn Carson, on behalf of themselves and all others similarly situated,

*Consul Plaintiffs-Appellants*,

Laurie Thomas, individually and on behalf of all others similarly situated, Alison Kavulak, individually and on behalf of all others similarly situated, Jen MacLeod, individually and on behalf of all others similarly situated, Mary Narvaez, individually and on behalf of all others similarly situated, Alison Fleissner, individually and on behalf of all others similarly situated, Emily Bigaouette, individually and on behalf of all others similarly situated, Laura Eggnatz, individually and on behalf of all others similarly situated, Teresa Hagmaier, individually and on behalf of all others similarly situated, Nicole Fallon, individually and on behalf of all others similarly situated,

*Plaintiffs*,

3

**Laura Peek, individually and on behalf of all others similarly situated, Robyn Moore, individually and on behalf of all others similarly situated, Gabrielle Stuve, individually and on behalf of all others similarly situated, Mattia Doyle, on behalf of himself and all other similarly situated, Lee Boyd, individually and on behalf of all others similarly situated, Ashley Allen, on behalf of themselves and all others similarly situated, Dominick Grossi, on behalf of themselves and all others similarly situated, Anthony Harrison, on behalf of themselves and all others similarly situated, Neisha Daniels, on behalf of themselves and all others similarly situated, Heather McCormick, on behalf of themselves and all others similarly situated, Hannah Grandt, on behalf of themselves and all others similarly situated, Amber Caudill, on behalf of themselves and all others similarly situated, Michael Motherway, individually and on behalf of all others similarly situated, Kathey Henry, individually and on behalf of all others similarly situated, Kelsey Gancarz, individually and on behalf of all others similarly situated, Atahsia Smiley, individually and on behalf of all others similarly situated,**

4

**Najah A. Henry, individually and on behalf of all others similarly situated, Chanel J. Jackson, individually and on behalf of all others similarly situated, Alexis Dias, individually and on behalf of all others similarly situated, Holly Buffinton, individually and on behalf of all others similarly situated, Constance Venable, individually and on behalf of all others similarly situated, Teresa Wilson, individually, and on behalf of all others similarly situated, Ryan Sanders, individually, and on behalf of all others similarly situated, Susan Canada, individually, and on behalf of all others similarly situated, Tabatha Sidi, individually, and on behalf of all others similarly situated, Tiffanie Skibicki, individually, and on behalf of all others similarly situated, Heather Age, individually, and on behalf of all others similarly situated, Jolina Manley, individually, and on behalf of all others similarly situated, Jessica David, individually, and on behalf of all others similarly situated, Cassandra Martell, individually, and on behalf of all others similarly situated, Mieshia Douglas, individually, and, Jessica Loggins, on behalf of herself and all others similarly situated, Ana Lynette Gregory Eldridge, individually and**

on behalf of all others similarly situated, Emily Orsak, on behalf of themselves and a class of all others similarly situated, Julie Chatagnier, on behalf of themselves and a class of all others similarly situated, Marie Mezile, individually and on behalf of all others similarly situated, Alyssa Rose, on behalf of themselves and all others similarly situated, Myjorie Philippe, on behalf of themselves and all others similarly situated, Melissa Sisk, on behalf of themselves and all others similarly situated, Vanessa Inoa, on behalf of themselves and all others similarly situated, Asyia Andrews, individually and on behalf of all others similarly situated, Stacia Cullors, an individual, L. C., through their guardian ad litem Stacia Cullors, V. C., through their guardian ad litem Stacia Cullors, Anthony Bacani, an individual, D. B., through their guardian ad litem Anthony Bacani, E. B., through their guardian ad litem Anthony Bacani, Jennifer Cullors, an individual, A. C., through their guardian ad litem Jennifer Cullors, J. C., through their guardian ad litem Jennifer Cullors, N. C., through their guardian ad litem Stacia Cullors,

*Consul Plaintiffs*,

6

v.  23-220-cv

**Beech-Nut Nutrition Company,**

*Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | STEVEN L. BLOCH, Silver Golub & Teitell LLP, Burlington VT (Erin Green Comite, Scott + Scott Attorney at Law LLP, Colchester, CT, *on the brief*). |
| **FOR DEFENDANT-APPELLEE:** | ASHLEY C. PARRISH, King & Spalding LLP, Washington, DC (Keri E. Borders and Rebecca B. Johns, King & Spalding LLP, Los Angeles, CA, Livia M. Kiser, King & Spalding LLP, Chicago, IL, *on the brief*). |

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Plaintiffs-Appellants appeal from the district court's order dismissing

7

their claims without prejudice in deference to the Food and Drug Administration (FDA) under what is known as the primary jurisdiction doctrine.  Plaintiffs brought a putative class action against Defendant-Appellee Beech-Nut Nutrition Company (Beech-Nut), a baby food manufacturer, alleging seventy counts based on Beech-Nut's sale of baby food products allegedly containing elevated levels of certain toxic metals.  Beech-Nut filed a motion to dismiss, or alternatively sought to stay the lawsuit, arguing that the FDA had primary jurisdiction over Plaintiffs' claims.  The district court agreed and dismissed Plaintiffs' claims without prejudice.  We assume the parties' familiarity with the remaining underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

"We review *de novo* a district court's grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff."  *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).  "When a district court invokes the primary jurisdiction doctrine, our standard of review is likewise *de novo*."  *Id.*

"The federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Palmer*, 51 F.4th at 504 (quoting *Tassy v. Brunswick Hosp. Ctr., Inc.*, 296 F.3d 65, 73 (2d Cir. 2002)). The doctrine of primary jurisdiction is a "'relatively narrow' exception to this obligation." *Id.* (quoting *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 851 (2d Cir. 1988)). The primary jurisdiction doctrine is "concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties" by "allocat[ing] initial decisionmaking responsibility between courts and agencies." *Ellis v. Trib. Television Co.*, 443 F.3d 71, 81 (2d Cir. 2006) (cleaned up).

Although "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," the Second Circuit has historically considered the four *Ellis* factors: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been

9

made." *Id.* at 82–83 (quotation marks omitted). In addition to considering the *Ellis* factors, "we must also 'balance the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings.'" *Palmer*, 51 F.4th at 511 (quoting *Ellis*, 443 F.3d at 83); *see also Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 46 F.3d 220, 225 (2d Cir. 1995).

Here, we need not weigh the *Ellis* factors because we conclude that any advantages of deferring to the FDA under the primary jurisdiction doctrine are outweighed by the potential costs resulting from the delay in administrative proceedings. In deferring under the primary jurisdiction doctrine, the district court reasoned that the FDA is presently working on its initiative, *Closer to Zero: Action Plan for Baby Foods* (Action Plan). *See In re Beech-Nut Nutrition Co. Baby Food Litig.*, 651 F. Supp. 3d 629, 636 (N.D.N.Y. 2023). The district court explained that under the Action Plan, "by April 2024, the FDA plans to finalize action levels for lead and propose action levels for arsenic, with cadmium and mercury consideration and decisions to follow." *Id.*

But since the district court's decision, the FDA has abandoned these

10

previously announced timelines. *See Closer to Zero: Reducing Childhood Exposure to Contaminants from Food*, FDA (Dec. 18, 2023), https://www.fda.gov/food/environmental-contaminants-food/closer-zero-reducing-childhood-exposure-contaminants-foods [https://perma.cc/7HJN-LXR6]. The FDA no longer expects to finalize lead action levels in April 2024 and has also revised its expected timeline for issuing draft guidance on proposed action levels for arsenic and cadmium. For arsenic and cadmium, the FDA now indicates only that it expects to reach the interagency review process sometime in 2024—a step that precedes issuing draft guidance. Given the delays in even proposing action levels, the agency has unsurprisingly provided no timelines for when it expects to *finalize* action levels.

While this type of agency decisionmaking is typically time-consuming, deferring to the FDA would "unnecessarily prolong [this] case," likely for upwards of several years. *See Seneca Nation of Indians v. New York*, 988 F.3d 618, 629 (2d Cir. 2021). On balance, we conclude that the potential costs resulting from these indefinite delays outweigh any possible benefits that could be obtained from deferring to the agency.

For the forgoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court